IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MICHAEL DIGGINS and AMBRA )
HENSLEY, )
)
Plaintiffs, )
)
v. ) Civ. No. 18-900-CFC
)
DELAWARE DIVISION OF FAMILY )
SERVICES, et al., )
)
Defendants. )

## MEMORANDUM

1.     **Introduction**.   Plaintiffs Michael Diggins ("Diggins") and Ambra Hensley ("Hensley") (together "Plaintiffs"), who reside in Conway, Arkansas, proceed *pro se* and have been granted *in forma pauperis* status.   The commenced this action alleging violations of the Fourth and Fourteenth Amendments to the United States Constitution.[1] Plaintiff have filed seven motions for issuance of subpoenas.   (D.I. 11-17)

2.     **Background**.   Three of Plaintiffs' children were removed from their custody by the Arkansas Division of Family Services ("ADFS").   (D.I. 3 at 6).   Plaintiffs moved to Delaware and were living with Diggins' mother, and their fourth child, a son, was born on March 21, 2017.   (*Id.*)   On April 19, 2017, Defendant Delaware Division of Family Services ("DDFS") investigator Shannon Smith ("Smith") visited their residence

---

[1] Had this action been filed under the diversity statute, 28 U.S.C. § 1332, rather than as a federal question, it would have been barred by the "domestic relations exception."   However, "as a jurisdictional bar, the domestic relations exception does not apply to cases arising under the Constitution or laws of the United States." *McLaughlin v. Pernsley*, 876 F.2d 308, 312 (3d Cir. 1989).

to conduct a wellness check.  (*Id*. at 4-5)  Because their three children had been removed by ADFS, Plaintiffs were afraid DDFS was going to remove their son who was three weeks old.  (*Id*.)  Therefore, they did not open the door and later they left the premises.  (*Id*.)

3.    That evening Smith returned, and searched Diggins' mother's home and the room Plaintiffs had stayed in.  (*Id*. at 5)  Plaintiffs spoke to Smith by telephone and a meeting was scheduled for Plaintiffs to meet with her at the DDFS office in Wilmington, Delaware the next day.  (*Id*. at 6)  During the meeting, Smith and her supervisor indicated they had been in contact with ADFS and it had provided information surrounding the removal of Plaintiffs' three children.  (*Id*. at 6-7)  Plaintiffs allege the information is false.   Smith then informed Plaintiffs she had obtained an ex parte custody order for their son after Plaintiffs had failed to open the door at their Delaware residence and based upon the information received from ADFS.  (*Id*. at 7)  DDFC took the child into custody.  (*Id*. at 8)  Plaintiffs were told to undergo drug testing and, if they tested clean, their son would be returned to them.  (*Id*.)

4.    Plaintiffs tested clean and, on Monday, informed Smith of the results.  (*Id*. at 8)  Smith advised Plaintiffs that a probable cause hearing was scheduled for Wednesday at 10:30 a.m. that they needed to attend.  (*Id*.)  Plaintiffs arrived about thirty minutes early to attend the hearing, only to discover that it had already taken place.  (*Id*. at 8-9)  Plaintiffs allege that Smith told them the time had been changed at the last minute, she did not have enough time to call them, she had informed the court of the situation, and that it was not Plaintiffs' fault.  (*Id*. at 9)  Plaintiffs allege their due

process rights were violated because they were not given the right and opportunity to be present and defend themselves or present evidence to the court. (*Id.*)

5. Plaintiffs received a copy of what had taken place during the probable cause hearing, and it did not show that Smith or anyone else had informed Plaintiffs of the wrong hearing time. (*Id.*) The document stated because the parents (*i.e.*, Plaintiffs) were not present, their son was ordered to remain in custody. (*Id.*) Plaintiffs allege all their children were unlawfully seized and, to date, they have not had an opportunity to tell their side of the story. (*Id.*) Plaintiffs further allege the presiding Family Court Judge is biased. (*Id.* at 10) They seek an opportunity defend themselves and prove to higher courts and authorities that the actions taken against them are cruel and unusual. (*Id.* at 10-11) Plaintiffs ask the Court to intervene and give them the opportunity to defend themselves in this Court. (*Id.* at 11) They seek six million dollars in damages.

6. **Standard of Review**. A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiffs proceed *pro se*, their pleading is liberally construed and their Complaint, "however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

7.     An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

8.     The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiffs leave to amend their Complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

9.     A well-pleaded complaint must contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347

(2014).   A complaint may not dismissed, however, for imperfect statements of the legal

theory supporting the claim asserted.   *See id.* at 346.

10.      Under the pleading regime established by *Twombly* and *Iqbal*, a court

reviewing the sufficiency of a complaint must take three steps:   (1) take note of the

elements the plaintiff must plead to state a claim; (2) identify allegations that, because

they are no more than conclusions, are not entitled to the assumption of truth; and

(3) assume the veracity of any well-pleaded factual allegations and then determine

whether those allegations plausibly give rise to an entitlement to relief.   *Connelly v.

Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations

omitted).   Elements are sufficiently alleged when the facts in the complaint "show" that

the plaintiff is entitled to relief.   *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Deciding whether a claim is plausible will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." [2]   *Id.*

11.      **Younger Abstention Doctrine**.   It appears that Plaintiffs have a pending

case or cases in the Family Court of the State of Delaware in and for New Castle

County.   Their motions for subpoenas reference Family Court Cases # CN17-02798

---

[2]The Complaint is deficiently pled to the extent the claims are raised pursuant to
42 U.S.C. § 1983.   There are no allegations lodged against Hilary Hartnett or Tammy
Foster.   A civil rights complaint is adequately pled where it states the conduct, time,
place, and persons responsible.   *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir.
2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980)).   In
addition, the DDFS is immune from suit under the Eleventh Amendment.   *See
Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (Eleventh Amendment protects
unconsenting state or state agency from suit brought in federal court, regardless of the
relief sought).

and # 17-12292. (*See e.g.*, D.I. 11) To the extent the cases have not yet reached final resolution, the Court must abstain.

12. Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings.[3] *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975). *Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992).

13. Abstention is appropriate only when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the *Younger* exceptions.[4] *Huffman v. Pursue Ltd.*,

---

[3]The court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d 785, 786 n.1 (3d Cir. 1994).

[4]Exceptions to the *Younger* abstention doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

420 U.S. 592, 608 (1975).

14.     The *Younger* elements have been met and none of its exceptions apply. It appears there are on-going custody proceedings.    In addition, "[f]amily relations are a traditional area of state concern."    *Moore v. Sims*, 442 U.S. 415, 435 (1979).    There is no indication that Plaintiffs are unable to raise their claims and obtain relief in the state proceedings.    Finally, there is no indication "of bad faith, harassment or some other extraordinary circumstance, which might make abstention inappropriate."    *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003).    Based upon the foregoing, under the *Younger* abstention doctrine, the Court must abstain from exercising jurisdiction over Plaintiffs' claims.

15.     **Rooker-Feldman Doctrine**.    To the extent that Plaintiffs challenge the judgment or decisions of the Family Court of the State of Delaware, this Court lacks jurisdiction under the Rooker-Feldman Doctrine which deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication.    *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).    The doctrine is narrow and confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."    *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).    Thus, to the extent that Plaintiffs ask this Court to invalidate orders of the Family Court of the State of Delaware, it lacks jurisdiction to do so.

16.     **Conclusion**.    For the above reasons, the Court will:    (1) abstain under the *Younger* abstention doctrine and, in the alternative, dismiss under the Rooker-

Feldman doctrine; and (2) deny as moot Plaintiffs' motions for issuance of subpoenas

(D.I. 11-17).   A separate order shall issue.

_____
United States District Judge

Dated:   October *17*, 2018